Filed 2/20/26  P. v. Olvera CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086351 |
| v. | (Super.Ct.Nos. RIF121885 & RIF118400) |
| DAVID ARENAS OLVERA, JR., | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam,

Judge.  Affirmed.

David Arenas Olvera, Jr., in pro. per.; John L. Staley, under appointment by the

Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In this postconviction matter, which we review under principles outlined in *People

v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), defendant and appellant David Arenas

Olvera, Jr., appeals from the trial court's denial of his in propria persona petition for

1

resentencing under Penal Code[1] section 1172.1.  We have reviewed the potential issues

suggested by counsel for our consideration and find no arguable matters on which to

request briefing by the parties.  (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109

[threshold for "an arguable issue" requires "a reasonable potential for success" on

appeal].)  Defendant has filed a supplemental appellate brief, which we have also

reviewed.  (See *Delgadillo*, at p. 232.)  As we briefly explain *post*, there is no merit in

defendant's appellate contentions here, the bulk of which attack his underlying conviction

and are outside the scope of review on appeal from his unauthorized resentencing

petition.  (See § 1172.1, subd. (c).)  We therefore affirm the trial court's resentencing

decision.

## BACKGROUND

In 2005, a jury convicted defendant of assault with a deadly weapon (§ 245,

subd. (a)(1)) and stalking (§ 646.9, subd. (a)), and found he personally used a knife

(§ 12022, subd. (b)(1)) in committing the assault.  The jury subsequently also found

defendant's prior convictions included two strikes within the meaning of the "Three

Strikes" law (§§ 667, subds. (c) & (e), 1170.12, subd. (c)), one of which was attempted

murder.  The jury also found defendant committed a prior serious felony (§ 667, subd.

(a)(1)) and had a prior prison commitment (§ 667.5, subd. (b)).  At defendant's sentencing

hearing in June 2005, the trial court imposed an aggregate prison term of 56 years to life,

which included a stayed one-year prior prison term enhancement.  The present record on

appeal does not disclose whether defendant pursued a direct appeal from his underlying

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

conviction. We take judicial notice that in October 2025 this court reversed the trial court's December 2023 decision denying defendant a resentencing hearing under section 1172.75. (*People v. Olvera* (Oct. 30, 2025, E083233) [nonpub. opn.].) We remanded for the trial court to hold a section 1172.75 resentencing hearing (*Olvera, supra.*), the outcome of which, if it has been held, is not in the present record.

In the interim after the trial court's initial decision in December 2023 denying defendant resentencing under section 1172.75, defendant in May 2025 requested by ex parte correspondence with the trial court resentencing under section 1172.1. The trial court denied that request, citing "improper procedure." (See § 1172.1, subd. (c).) Defendant now appeals the court's decision denying his section 1172.1 resentencing petition.

Defendant's underlying stalking and assault convictions involved stabbing his affair partner's husband. As we discuss, however, the circumstances of the offense and the trial are largely irrelevant to the limited nature of defendant's appeal now.

On appeal, this court appointed appellate counsel on defendant's behalf. Counsel subsequently filed a brief stating that his record review and legal research uncovered no arguably meritorious appellate issues, including after consultation with Appellate Defenders, Inc. Counsel summarized the background relevant to defendant's appeal and, while recognizing that we need not do so, requested that we independently review the record for arguable issues. (See *Delgadillo, supra*, 14 Cal.5th at p. 232.) Counsel advised that he had considered and rejected briefing the following issues, which he listed for our potential independent reconsideration: Whether the trial court erred by denying

3

defendant's request for resentencing under section 1172.1, including whether the court erred in determining defendant followed improper procedures. At our invitation, defendant then filed his own supplemental brief.

**DISCUSSION**

Having independently reviewed the record for potential error, we are satisfied defendant's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

In particular, section 1172.1, subdivision (c), expressly provides that a defendant "is not entitled" to ask for resentencing relief "under this section." Indeed, the statute states: "If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid*.) The statute does provide that a court may, in certain instances in its discretion, initiate recall and resentencing "on its own motion." (§ 1172.1, subd. (a)(1); see generally *People v. Johnson* (2022) 12 Cal.5th 544, 605-606 [abuse of discretion requires a decision " 'so erroneous that it "falls outside the bounds of reason" ' "].) But the fact that the trial court *could* act of its own accord does not provide grounds for defendant to assert error. The trial court's correct observation that defendant's petition was unauthorized does not indicate the court was unaware of its sua sponte authority and furnishes no basis to require any discretionary action on defendant's behalf. (Evid. Code, § 664 [official duty presumed performed]; see *People v. Ramirez* (2021) 10 Ca.5th 983, 1042 [trial court presumed to know and follow governing law].)

4

Appellate instruction to the trial court on how to exercise its discretion would be an impermissible intrusion into the court's broad discretion.

Defendant's supplemental contentions are also without merit for the same reason. He views his petition, notice of appeal, and appellate briefing opportunities as successive occasions to assert new claims, many of which involve trial matters and relitigating or challenging his attorneys' performance. This includes a 20-page handwritten supplemental brief in which defendant raises contentions for substituting counsel at his underlying trial; claims of charging error, double jeopardy and speedy trial violations; prosecutorial bias; alleged instructional error; challenges to the sufficiency of the evidence to support his convictions; et cetera, including cumulative error. None of these claims undermine the trial court's correct observation that defendant's petition for resentencing under section 1172.1 was improper, nor suggest any error in the trial court's denial of the petition.

## DISPOSITION

The trial court's denial of defendant's section 1172.1 resentencing petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                    J.

We concur:

RAMIREZ _____
                        P. J.

RAPHAEL _____
                    J.

5